# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARA PRUDHOMME LEE, et al.<br>　　PLAINTIFFS | CIVIL ACTION |
| | NO. 10-1335 |
| VERSUS | |
| | SECTION: J |
| PAUL VALLAS, et al.<br>　　DEFENDANTS. | MAGISTRATE: 5 |

### FIRST AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes the petitioner, **Cara Prudhomme Lee**, individually, and on behalf of her minor child, **Amanda Lee**, and **Heather Lee** with respect represents, upon information and belief, as follows:

### JURISDICTION AND VENUE

#### 1.

This Court has supplemental jurisdiction over the plaintiff's state law claim of wrongful termination pursuant to 28 U.S.C. § 1367. Also, the Court has jurisdiction over the plaintiff's federal claim of discrimination under Title VII of the Federal Act. Venue in the United States District Court for the Eastern District of Louisiana is proper under 28 U.S.C. § 1391.

### PARTIES TO THE CONTROVERSY

#### 2.

A.　**Cara Prudhomme Lee** is the natural mother of Amanda Lee. Cara Prudhomme Lee is of the full age of majority and she is a citizen of the State of Louisiana.

1

B. **Amanda Lee** is the minor child of petitioner, Cara Prudhomme Lee, and she has relied on her mother for love, affection, companionship, services, and support. Amanda Lee is a citizen of the State of Louisiana.

C. **Heather Lee** is the daughter of petitioner, Cara Prudhomme Lee, and she has relied on her mother for love, affection, companionship, services, and support. Heather Lee is a citizen of the State of Louisiana and she is the legal age of majority.

3.

Made Defendants herein are:

A. **PAUL VALLAS**, in his official capacity as the Superintendent of the Recovery School District. Mr. Vallas resides in Orleans Parish, State of Louisiana.

B. **SEAN GOODWIN**, in his official capacity as Principal of Joseph Craig Elementary School of the Recovery School District. This defendant is a resident of Orleans Parish, State of Louisiana.

C. **BARBARA SHARP**, in her official capacity as Coordinator Employee Relations of the Recovery School District. This defendant is a resident of Orleans Parish, State of Louisiana.

D. **RECOVERY SCHOOL DISTRICT**, (hereinafter "RSD"), a political entity established under the authority of *La. R.S. 17:1990*, with the obligation to provide for the education of students enrolled in schools transferred to its jurisdiction pursuant to *La. R.S. 17:10.5* or *La. R.S. 17:10.7* and to comply with statutes and its policies governing the employment of its employees, and termination of employment.

E. **LOUISIANA STATE DEPARTMENT OF EDUCATION**, (hereinafter "State"), an administrative entity established by the State of Louisiana which is charged with the

2

responsibility under La. R.S. 17:1990 of administering the RSD subject to the approval of the State Board of Elementary and Secondary Education.

## FEDERAL CLAIM OF DISCRIMINATION

**4.**

The plaintiffs maintain their assertions in the federal claim of discrimination as if copied herein *in extensio*.

## STATE CLAIM OF WRONGFUL TERMINATION

**5.**

Defendant, Recovery School District is liable unto plaintiff for reinstatement as an employee, and for payment of salary and all emoluments of employment for reasons as follows.

**6.**

Plaintiff was hired by defendant Recovery School District as a certified teacher on February 4, 2007.

**7.**

On or about January 8, 2009, the plaintiff was injured while at work at Joseph Craig Elementary School, New Orleans, Louisiana.

**8.**

On or about January 8, 2009, the plaintiff tripped over the electrical and internet cords attached to her laptop computer provided to her by the Recovery School District. She slammed face-first into a chair, hitting the top of the chair and then the seat of the chair with the left side of her face and chin before falling to her knees, thus causing her debilitating injuries.

**9.**

On or about January 8, 2009, the plaintiff reported her accident to the defendant, Recovery School District, and she requested and sought medical treatment from the defendant due to her disabling injuries. The plaintiff did not return to work following her accident.

**10.**

On or about January 8, 2009, the defendant, Recovery School District, provided the plaintiff with forms to be completed relating to the accident and workers' compensation benefits.

**11.**

On or about January 9, 2009, the plaintiff spoke with defendants, Recovery School District and Sean Goodwin, concerning her workplace injury and she requested medical treatment but to no avail.

**12.**

On or about January 9, 2009, the plaintiff completed forms relating to the accident and request for workers' compensation benefits and she submitted such to defendants, Recovery School District and Sean Goodwin, for authorization for medical treatment and compensation benefits.

**13.**

On or about January 12, 2009, the plaintiff contacted the defendant, Recovery School District, to discuss the status of her workers' compensation claim and her inability to return to work.

**14.**

On or about January 17, 2009, the plaintiff sought medical treatment for her injuries since her employer, Recovery School District, had not contacted her to provide authorization for medical treatment relating to her disabling workplace injuries.

**15.**

On or about January 17, 2009, the plaintiff was medically unable to return to teaching for the defendant, Recovery School District.

**16.**

On or about January 22, 2009, the plaintiff contacted defendant, Recovery School District, to notify her employer that she would return the next day.

**17.**

On or about January 23, 2009, the plaintiff returned to work.

**18.**

On or about January 23, 2009, the defendants, Recovery School District and Sean Goodwin and Barbara Sharp, suspended and placed the plaintiff on "Exigent Leave" with pay until a request for investigation by defendant, Sean Goodwin, could be completed.

**19.**

On or about April 2, 2009, defendant Recovery School District terminated plaintiff from employment due her filing of an EEOC claim for discrimination against the defendants herein.

**20.**

Defendant Recovery School District has not paid any salary and all emoluments of employment since April 2, 2009.

**21.**

Defendant Recovery School District withheld salary from plaintiff and all emoluments of such and terminated her from employment based upon unsubstantiated and baseless grounds. Additionally, defendant violated its own policies, including but not limited to the Policy entitled "Evaluation of School Based Employees," which imposes the requirement governing the evaluation of certified employees.

**22.**

Defendant Recovery School District wrongfully terminated plaintiff without valid reasons in violation of *La. R.S. 17:442*.

**23.**

Defendant Recovery School District wrongfully terminated plaintiff from employment because defendant did not have valid reasons to terminate plaintiff from employment, in violation of state statutes including but not limited to *La. R.S. 23:1361*. As a result, the plaintiff is entitled to penalties and attorney's fees from the defendant.

**24.**

Defendant Recovery School District wrongfully terminated plaintiff for such other reasons as may be shown at trial.

**25.**

Plaintiff seeks and is entitled to salary from the date that she was terminated until reinstatement as an employee together with all other benefits and emoluments of employment, including but not limited to payment of retirement contributions to the Teachers' Retirement System of Louisiana, reimbursement of court costs, all together with legal interest calculated thereon from date of judicial demand until paid.

**26.**

As a result of the foregoing, the petitioner, individually, and on behalf of her minor child, Amanda Lee, and Heather Lee, were caused to sustain injuries including, but not limited to, past and future physical injuries, past and future mental and physical pain and suffering, past and future physical impairments and disability, past and future reasonable and necessary medical expenses, past and future loss of earning capacity, past and future loss of enjoyment and quality of life and other damages, loss of consortium, love, affection, companionship, services, and support, as well as, all general, special, incidental and consequential damages as shall be proven.

**27.**

Defendants are jointly, severally, and *in solido* indebted unto your petitioners for the damages arising from the adverse employment action, with legal interest from judicial demand until finally paid, and for all costs of this proceeding.

**28.**

Plaintiffs demand a trial by jury on all issues presented in the matter.

**WHEREFORE**, petitioners, CARA PRUDHOMME LEE, individually, and on behalf of her minor child, AMANDA LEE, and HEATHER LEE, pray:

1. That this Petition be deemed good and sufficient and be filed into the record of this Honorable Court;

2. That a summons and copy of this Petition be served on defendants, commanding said defendants to appear and answer these allegations truthfully;

3. That, after due proceedings are had, there be judgment herein in favor of petitioners and against defendants, for all elements of damages allowed by law under the circumstances, including all costs of these proceedings, interest from date of judicial demand until finally paid, attorney's fees; and

4. That petitioners have all such other legal and equitable relief as is justified and allowed in the premises.

7

Respectfully submitted,

/s/ Brett E. Emmanuel

---

BRETT E. EMMANUEL
Trial Attorney (La. Bar No. 26023)
Post Office Box 19405
New Orleans, Louisiana 70179
Telephone: (504) 250-3607
Facsimile: (504) 483-8170
E-Mail: bemmanuelaw@aol.com

**PLEASE ISSUE SUMMONS:**

1. **Sean Goodwin**
   Through Recovery School District
   1641 Poland Avenue
   New Orleans, Louisiana 70117

2. **Barbara Sharp**
   Through Recovery School District
   1641 Poland Avenue
   New Orleans, Louisiana 70117

3. **Recovery School District**
   Through its Superintendent,
   Paul G. Vallas
   1641 Poland Avenue
   New Orleans, Louisiana 70117

4. **Louisiana State Department of Education**
   Through its Superintendent,
   Paul G. Pastorek
   1201 North Third Street
   Baton Rouge, Louisiana 70802-5243

5. **State of Louisiana**
   Through its Attorney General,
   James D. "Buddy" Caldwell
   Louisiana Department of Justice
   Litigation Division
   400 Poydras Street, Suite 1600
   New Orleans, Louisiana 70130